IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| GLOBAL LICENSING, INC.,<br>a Michigan Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>JONATHAN HART, JONNIKA<br>HART, and DEJA VU 2 SPORTS BAR<br>AND LOUNGE, LLC.,<br>a Georgia Limited Liability Company,<br><br>       Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:_____ |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Global Licensing, Inc., for its Complaint against Defendants Jonathan Hart, Jonnika Hart, and Deja Vu 2 Sports Bar & Lounge, LLC (collectively "Defendants"), alleges as follows:

### PARTIES

1.     Plaintiff Global Licensing, Inc. ("GLOBAL") is a corporation organized under the laws of Michigan with its principal place of business at 8252 East Lansing Road, Durand, Michigan 48429.

–1–

2.     On information and belief, Defendant Deja Vu 2 Sports Bar & Lounge, LLC, is a limited liability company organized under the laws of Georgia with its principal place of business located at 2997 Campbellton, Rd., SW, Atlanta, Georgia 30311.   It may be served care of its organizer, principal, and registered agent Jonnika Hart at its principal place of business.

3.     On information and belief, Defendant Jonathan Hart, hereinafter "Hart," is an individual, organizer and principal of Deja Vu 2 Sports Bar & Lounge, LLC, and a resident of the State of Georgia and may be served at his place of business at 2997 Campbellton, Rd., SW, Atlanta, Georgia 30311.

4.     On information and belief, Defendant Jonnika Hart is an individual, organizer and principal of Deja Vu 2 Sports Bar & Lounge, LLC, and a resident of the State of Georgia and may be served at her place of business at 2997 Campbellton, Rd., SW, Atlanta, Georgia 30311.

## JURISDICTION AND VENUE

5.     This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 et seq., and Georgia statutory and common law.

6.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action

arising under the Lanham Act.

7.     This court has personal jurisdiction over Defendants because Defendants, upon information and belief, continuously and systematically reside and conduct business in the Northern District of Georgia.

8.     Venue is proper in this District under 28 U.S.C. § 1391 (b) because, upon information and belief, Defendants reside and conduct business in the Northern District of Georgia and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE CASE

9.     GLOBAL brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its family of trademarks and trade names comprising the term "Deja Vu."  This family of marks includes DEJA VU, DEJA VU SHOWGIRLS, DEJA VU LOVE BOUTIQUE, DEJA VU FUSION and DEJA VU - COAST TO COAST marks, which GLOBAL and its predecessor owner of the Marks, Deja Vu Consulting, Inc. (hereinafter "CONSULTING") have used for many years in connection with its licensing of entertainment services and establishments.

10.    As described more fully below, without authorization or consent and

with knowledge of the prior rights of GLOBAL and CONSULTING in GLOBAL's federally-registered marks, Defendants have commenced use of the service mark and trade name DEJA VU 2 in connection with their entertainment establishment.   Defendants' use of the DEJA VU 2 mark is likely to lead consumers to incorrectly believe that Defendants or their entertainment services are authorized by, sponsored by or affiliated with GLOBAL and its well-known marks and services.   Defendants' use of the service mark and trade name DEJA VU 2 infringes GLOBAL's rights in its family of GLOBAL DEJA VU marks, and should therefore be enjoined. (*See attached* exhibit "A"-- Defendants' confusingly similar advertising to exhibit "B," GLOBAL's advertising).

## COMMON ALLEGATIONS

11.   GLOBAL is a preeminent licensing company and owner of the well known DEJA VU family of marks, which GLOBAL licenses in connection with entertainment services. GLOBAL is based in Durand, Michigan and licenses businesses throughout the United States. Since their creation, GLOBAL and CONSULTING have been considered two of the most innovative companies in the United States.   GLOBAL currently licenses its DEJA VU family of marks to over 40 businesses and continues to expand in key locations across the United States,

further developing its national reputation.   Presently, GLOBAL licenses the DEJA VU family of marks to   premier businesses located throughout the United States under well-known names and trademarks, including Deja Vu, Deja Vu Showgirls, Deja Vu Erotic Ultra Lounge, Deja Vu On Main, Deja Vu Union Station, Deja Vu Midway, Deja Vu Presents and Deja Vu Airport. These entertainment establishments offer a wide range of entertainment options for their patrons.

12.   Long prior to Defendants' adoption or use of the DEJA VU 2 Mark, GLOBAL and CONSULTING commenced use of their DEJA VU mark in connection with their nationally renowned services.   Since then, GLOBAL and CONSULTING have expanded their use of marks comprised of the term "DEJA VU" to include the following registered marks, many of which are now incontestable pursuant to 15 U.S.C. § 1065.

| Mark | Registration No: | Registration Date: | Goods and Services: |
| --- | --- | --- | --- |
| DEJA VU | 2709218 | April 22, 2003 | Entertainment Services |
| DEJA VU | 1726389 | October 20, 1992 | Entertainment Services |
| DE JA VU | 4208159 | September 18, 2012 | Entertainment Services |
| DEJA VU | 1682003 | April 7, 1992 | Periodic Publication |

–5–

| | | | |
|---|---|---|---|
| DEJA VU SHOWGIRLS | 2297828 | December 7, 1999 | Entertainment Services |
| DEJA VU SHOWGIRLS | 4208158 | September 18, 2012 | Entertainment Services |
| DEJA VU FUSION | 3915364 | December 18, 2009 | Entertainment Services |
| DEJA VU-COAST TO COAST | 2404571 | November 14, 2000 | Entertainment Services |

These marks constitute GLOBAL's "DEJA VU Family of Marks" (hereinafter referred to as such). Copies of the registration records for GLOBAL's DEJA VU Family of Marks are attached hereto as Exhibit "C."

13.  GLOBAL and CONSULTING have further developed the DEJA VU Family of Marks through the use of the marks DEJA VU FOUNTAIN OF YOUTH ARTESIAN SPRING WATER, Registration No. 3631789, and the use of the marks DEJA VU LOVE BOUTIQUE, Registration No. 3909619 & 4119898, which are used in connection to the sale of goods. GLOBAL and CONSULTING have further expanded the DEJA VU Family of Marks through the use of DEJA VU SHOWGIRLS Registration No. 3025762, which is used in connection with the publication of an electronic magazine. Registrations for these marks are currently subsisting and incontestable pursuant to 15 U.S.C. § 1065. Copies of the

registration records for these marks are attached hereto as Exhibit "D."  The DEJA VU Family of Marks in combination with the additional registered marks referenced in this paragraph are hereinafter sometimes collectively referred to as the "Registered Marks."

14.    Over 30 years, GLOBAL and CONSULTING have invested substantial time, effort and resources in promoting and marketing their marks and licensees under and in connection with GLOBAL's DEJA VU Family of Marks. For example, GLOBAL and CONSULTING have promoted and marketed their licensees of entertainment services in connection with their DEJA VU Family of Marks in print, media, billboards, social media and in other ways customary in the industry.  In addition, the entertainment business licensees of GLOBAL and CONSULTING have been featured in reviews in regional and national publications. GLOBAL and CONSULTING maintain and have maintained a website for their entertainment services at www.dejavu.com.

15.    GLOBAL and CONSULTING have extensively cross promoted their Marks by prominently displaying the name of DEJA VU at their various licensees' establishments and through CONSULTING's website, which is accessible nationwide.  Because of the cross-promotional efforts of GLOBAL and

CONSULTING, patrons of the establishments of GLOBAL's licensees across the United States are familiar with the DEJA VU Family of Marks and associate them with GLOBAL.

16.     As a result of the continuous and extensive use of their DEJA VU Family of Marks by GLOBAL and CONSULTING in connection with GLOBAL's licensing of entertainment establishments, the DEJA VU Family of Marks has developed considerable customer recognition.   Indeed, marks using the term DEJA VU have come to be recognized by customers as identifying and distinguishing GLOBAL's licensees alone. The DEJA VU Family of Marks thus has acquired a further distinctiveness and secondary meaning signifying GLOBAL. GLOBAL and CONSULTING have cultivated and now GLOBAL owns considerable and valuable goodwill in and symbolized by the DEJA VU Family of Marks.

17.     This consumer goodwill and recognition constitute GLOBAL's most valuable assets.   Accordingly, the integrity of GLOBAL's DEJA VU Family of Marks is extremely important to GLOBAL and crucial to the continued vitality and growth of GLOBAL's business.

18.     GLOBAL and CONSULTING have spent, and continue to spend,

–8–

significant amounts of money and capital resources constituting substantial investment to register and promote their marks, including the DEJA VU Family of Marks, and to ensure their proper use and enjoin unlicensed and inappropriate uses.

## DEFENDANTS' INFRINGEMENT

19.   On information and belief, and long after GLOBAL and CONSULTING began their extensive promotion and use of their DEJA VU Family of Marks in connection with their services and obtained federal registrations for their DEJA VU Family of Marks, Defendants began promoting and opened an entertainment establishment located at 2997 Campbellton Rd., SW, Atlanta, Georgia 30311 under the name "Deja Vu 2 Sports Bar and Lounge."

20.   On January 23, 2014 Plaintiff's counsel made written demand that Deja Vu Sports Bar and Lounge located at 1575 Joseph E Boone, Atlanta, Georgia 30314 cease use of the designation DEJA VU as such was likely to cause consumer confusion with GLOBAL and the services it offers under and in connection with its DEJA VU Family of Marks. (See Exhibit "E"). Upon information and belief DEJA VU located at the Joseph E Boone address ceased use of the infringing name shortly after the owner was murdered outside his entertainment establishment. (Exhibit "F"). However, upon information and belief,

Defendant Hart, who upon information and belief was the registered agent for the DEJA VU located at the Joseph E Boone address, with actual knowledge of GLOBAL's DEJA VU Family of Marks, opened DEJA VU 2 at the 2997 Campbellton RD., SW, Atlanta, GA 30311 Address. (Exhibit "G")

21.   Upon discovering Defendants' use of the DEJA VU 2 mark, GLOBAL demanded that Defendants cease use of the designation DEJA VU 2 as such use is likely to cause consumer confusion with GLOBAL and the services it offers under and in connection with its DEJA VU Family of Marks.   GLOBAL, through its attorneys, has made written demand both via regular and certified mail that Defendants cease and desist further infringement. However, Defendants have refused to cease promoting their DEJA VU 2 entertainment club and on information and belief, have indicated that they will continue to conduct the business of their entertainment establishment under and in connection with the mark DEJA VU 2.   (Exhibit "H")

22.   Upon discovering Defendants' use of the DEJA VU 2 mark, GLOBAL, through its attorneys, contacted Defendants by phone. An unknown individual that answered the phone on behalf of Defendants indicated that he had received numerous letters from Plaintiff's counsel, however, the individual refused

to cease promoting Defendants' DEJA VU 2 entertainment club. On information and belief, Defendants will continue to conduct business of their entertainment establishment under and in connection with the mark DEJA VU 2.

23.    Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of GLOBAL's federally-registered DEJA VU Family of Marks prior to Defendants' unauthorized use of the DEJA VU 2 mark, which is confusingly similar to GLOBAL's registered DEJA VU Family of Marks.

24.    In addition, on information and belief, Defendants had actual knowledge of the longstanding use and ownership of its DEJA VU Family of Marks by GLOBAL and CONSULTING.  Thus, Defendants knowingly and willfully adopted, used and continue to use a mark confusingly similar to GLOBAL's DEJA VU Family of Marks with constructive and actual knowledge of GLOBAL's DEJA VU Family of Marks.

25.    In light of Defendants' use of the DEJA VU 2 mark in connection with similar services as those offered for many years by the licensees of GLOBAL and CONSULTING under their federally-registered DEJA VU Family of Marks, as well as Defendants' refusal to respond to GLOBAL's demands, GLOBAL has no choice but to protect its rights in its valuable DEJA VU Family of Marks

through this action.

## COUNT I
## FEDERAL SERVICE MARK INFRINGEMENT
## (15 U.S.C. § 1114(1)(a))

26.     GLOBAL realleges and incorporates herein paragraphs 1 through 25 of this complaint.

27.     Defendants' aforesaid use of the DEJA VU 2 mark is without GLOBAL's authorization or consent.

28.     Defendants' unauthorized use of the DEJA VU 2 mark in connection with their promotion and provision of entertainment services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants or their services with GLOBAL's licensees and its federally-registered DEJA VU Family of Marks in violation of 15 U.S.C. § 1114(1)(a).

29.     Defendants' unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its marks and licensees of entertainment service businesses provided in connection with its DEJA VU Family of Marks, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendants, over whom GLOBAL has no control.

30.     As a result of Defendants' conduct, GLOBAL has suffered substantial

damage and irreparable harm to its DEJA VU Family of Marks, constituting an injury for which GLOBAL has no adequate remedy at law, unless this Court enjoins Defendants' conduct, GLOBAL will continue to suffer irreparable harm.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

31.    GLOBAL realleges and incorporates herein paragraphs 1 through 30 of this complaint.

32.    GLOBAL and CONSULTING have offered entertainment services to the public under the DEJA VU Family of Marks since long prior to any acts of Defendants complained of herein.

33.    GLOBAL and CONSULTING have continually used their Registered Marks in commerce among the several states of the United States for entertainment services.

34.    GLOBAL's Registered Marks identify and distinguish their goods and services from the goods and services of others.

35.    Long prior to any conduct of the Defendants complained of herein, GLOBAL and CONSULTING expended money, time and effort in advertising and promoting their entertainment services under the Registered Marks throughout the

United States.

36.    By virtue of such sales and marketing efforts, the trademarks of GLOBAL and CONSULTING have become associated in the minds of the purchasers and users of their goods and services and in the minds of the general public with GLOBAL, and with GLOBAL alone and valuable goodwill has been built up in GLOBAL's Registered Marks.

37.    Long after GLOBAL's Registered Marks had become well-known, Defendants commenced to infringe, and continue to infringe, upon the rights of GLOBAL by using the Infringing Marks which are confusingly similar with GLOBAL's Registered Marks.

38.    Defendants have engaged in acts of unfair competition by the expectation of sales and promotion of entertainment services under trademarks and service marks which are confusingly similar to GLOBAL's Registered Marks.

39.    Defendants have used the Infringing Marks in promotion and/or advertising and/or sale in commerce of entertainment services and related products and services.

40.    It is evident from the similarity between GLOBAL's Registered Marks and the infringing marks used by Defendants, and from Defendants'

advertisements that the Defendants have deliberately and willfully used the Infringing Marks for services that are substantially similar to GLOBAL's services in order to trade upon the reputation and goodwill GLOBAL has established in their Registered Marks.

41.    Because of Defendant's deceptive practices, customers are likely to be induced to purchase entertainment services and related products and/or services from Defendants in the belief that those goods or services are those of GLOBAL.

42.    Defendants' actions constitute federal unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

43.    Unless enjoined, Defendants' infringement of GLOBAL's Registered Marks and Defendants' advertising, which includes words and other symbols tending falsely to describe or represent Defendants' goods and services as those of GLOBAL's, and Defendants' injection of such goods and/or services into commerce will result in the loss of distinctiveness of GLOBAL's Registered Marks and the loss of goodwill and reputation attendant thereto.

44.    GLOBAL has no adequate remedy at law.

45.    Unless the Court restrains and enjoins Defendants from such activity, Defendants will persist in the unauthorized use of marks that infringe upon

−15−

GLOBAL's Registered Marks.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

46.     GLOBAL realleges and incorporates herein paragraphs 1 through 45 of this complaint.

47.     Defendants' actions complained of herein are likely to cause confusion, mistake or deception among customers as to an affiliation, connection or association of Defendants' services with GLOBAL and its DEJA VU Family of Marks, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

48.     Defendants' unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its entertainment service licensees provided in connection with its DEJA VU Family of Marks, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendants, over whom GLOBAL has no control.

49.     Upon information and belief, Defendants have falsely designated the origin of their services and have caused such falsely designated services to enter into commerce.

50.     Defendants' actions constitute false designation of origin and a false description or representation that the Defendants' services are sponsored by or affiliated with GLOBAL and sold by GLOBAL.

51.     As a result of Defendants' conduct, GLOBAL has suffered substantial damage and irreparable harm to its DEJA VU Family of Marks, constituting an injury for which GLOBAL has no adequate remedy at law.     Unless this Court enjoins Defendants' conduct, GLOBAL will continue to suffer irreparable harm.

## COUNT IV
## FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

52.     GLOBAL realleges and incorporates herein paragraphs 1 through 51 of this complaint.

53.     The GLOBAL Deja Vu mark and the DEJA VU Family of Marks are well-known, distinctive, widely recognized and famous.

54.     Defendants are promoting offering and advertising, or causing to be promoted, offered and advertised, and/or selling and offering for sale services in connection with the mark DEJA VU 2, which is confusingly similar to the DEJA VU Family of Marks.

55.     Defendants' use of the DEJA VU 2 Mark in connection with

advertising and promotion of the Deja Vu 2 entertainment establishment is likely to impair the distinctive quality of GLOBAL's DEJA VU Family of Marks by lessening the capacity of those marks to identify and distinguish GLOBAL exclusively as the source of goods or services offered in connection with the DEJA VU Family of Marks in violation of Section 43 (c) of the Lanham Act, 15 U.S.C.§ 1125 (c).

56.     Defendants' acts complained of herein constitute violations of Section 43 (c) of the Lanham Act, as amended, 15 U.S.C. § 1125 (c), in that Defendants' use of a mark that is confusingly similar to the DEJA VU Family of Marks in connection with the advertising, promotion, and/or sale of their services, has caused dilution of the acquired distinctive quality of GLOBAL's DEJA VU Family of Marks.

57.     Upon information and belief, Defendants have used, and continue to use, a mark which is confusingly similar to the DEJA VU mark and DEJA VU Family of Marks without authorization of GLOBAL, for the wrongful purpose of benefitting from and trading upon the fame and goodwill attached to GLOBAL's DEJA VU Family of Marks so as to unfairly enhance the commercial value of Defendants' services.

–18–

58.    Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the DEJA VU Family of Marks and cannot assert any legitimate rights in or to the DEJA VU Family of Marks.

59.    Upon information and belief, the aforementioned acts and conduct of Defendants were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of GLOBAL's DEJA VU Family of Marks, and of passing off Defendants' services as those of GLOBAL's Licensees.

60.    The acts of Defendants complained of herein have diluted, blurred and tarnished the strong and positive association between GLOBAL and the DEJA VU Family of Marks by causing GLOBAL's Family of Marks to be associated with services not organized, sponsored, or approved by GLOBAL.

## COUNT V
## VIOLATION OF GEORGIA'S TRADEMARK DILUTION STATUTE (O.C.G.A. § 10-1-451(b))

61.    GLOBAL realleges and incorporates herein paragraphs 1 through 60 of this complaint.

62.    GLOBAL's DEJA VU Family of Marks are well-known and highly regarded in the State of Georgia and became so long before the commencement of

Defendants' activities as alleged herein.

63.    Defendants' wrongful activities have caused and are likely to continue to cause injury to GLOBAL's business reputation and to dilute the distinctive quality of GLOBAL's DEJA VU Family of Marks and forms of advertisement in violation of O.C.G.A. § 10-1-451 (b).

64.    Unless enjoined by this Court, said tortious actions by Defendants will continue to cause irreparable injury and other damage to GLOBAL's business, reputation, and goodwill of its DEJA VU Family of Marks.

65.    As a result of Defendants' conduct, GLOBAL is likely to suffer, and has in fact already suffered, commercial damage and pecuniary harm.

66.    GLOBAL has no adequate remedy at law and unless this Court enjoins Defendants' conduct, GLOBAL will continue to suffer irreparable harm.

**COUNT VI**
**STATE OF GEORGIA DECEPTIVE TRADE PRACTICES**
**AND UNFAIR COMPETITION (O.C.G.A. § 10-1-370 *et seq.*)**

67.    GLOBAL realleges and incorporates herein paragraphs 1 through 66 of this complaint.

68.    As a result of the actions complained of in Paragraphs 1-65, Defendants have engaged in unfair and deceptive trade practices in violation of the

Georgia Uniform Deceptive Trade Practices Act, and are therefore liable in this civil action by GLOBAL under O.C.G.A. § 10-1-370 *et seq.* Defendants have willfully engaged in these acts knowing them to be deceptive.

69.     GLOBAL has been and will continue to be irreparably damaged by Defendants' actions, including incurring legal fees to bring the present action. GLOBAL has no adequate remedy at law, and thus GLOBAL is entitled to injunctive relief and to recovery of GLOBAL's costs, pursuant to O.C.G.A. § 10-1-373.

## COUNT VII
## STATE OF GEORGIA FRAUDULENT ENCROACHMENT
## (O.C.G.A. § 23-2-55)

70.     GLOBAL realleges and incorporates herein paragraphs 1 through 69 of this complaint.

71.     By using confusingly similar imitations of the DEJA VU Family of Marks, Defendants have fraudulently encroached upon GLOBAL's rights in violation of O.C.G.A. § 23-2-55.

## COUNT VIII
## COMMON LAW SERVICE MARK INFRINGEMENT

72.     GLOBAL realleges and incorporates herein paragraphs 1 through 71 of this complaint.

73.    GLOBAL is the owner of valid common law rights in its DEJA VU Family of Marks which it and CONSULTING have used continuously and in connection with their businesses for over 30 years and long prior to Defendants' adoption and first use of the DEJA VU 2 mark.

74.    Defendants' actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' services with GLOBAL's licensees and its DEJA VU Family of Marks, and as to the origin, sponsorship or approval of Defendants and their services in violation of Georgia common law.

75.    Defendants' unauthorized conduct also has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its licensees' entertainment services provided in connection with its DEJA VU Family of Marks, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendants, over whom GLOBAL has no control.

76.    Because Defendants had actual and constructive notice of GLOBAL's prior use of and rights in its DEJA VU Family of Marks before Defendants began using the DEJA VU 2 mark, Defendants willfully engaged in common law service mark infringement in violation of Georgia law.

77.     As a result of Defendants' conduct, GLOBAL is likely to suffer, and has in fact already suffered commercial damage and pecuniary harm.

78.     As a direct and proximate result of the foregoing, GLOBAL has been and is likely to continue to be irreparably damaged unless Defendants are enjoined by this Court, as there is no adequate remedy at law.

<u>**COUNT IX**</u>
<u>**COMMON LAW UNJUST ENRICHMENT**</u>

79.     GLOBAL realleges and incorporates herein paragraphs 1 through 78 of this complaint.

80.     Defendants have been, are being and will continue to be unjustly enriched through their unauthorized use of the infringing DEJA VU 2 marks in connection with their entertainment establishment.

81.     As a result of Defendants' foregoing unlawful actions, Defendants have retained revenues to which they were not equitably or legally entitled, and were thereby unjustly enriched at GLOBAL's expense, in violation of the common law of Georgia.

82.     As a direct and proximate result of the foregoing, GLOBAL has suffered and is entitled to an award of damages in an amount to be determined at trial to prevent Defendants from being unjustly enriched.

## COUNT X
## CONVERSION

83.     GLOBAL realleges and incorporates herein paragraphs 1 through 82 of this complaint.

84.     By using Plaintiff's Registered Marks without permission or license, Defendants have converted Plaintiff's property to their own use.

85.     Defendant's conduct has damaged Plaintiff in an amount to be determined at trial and, unless restrained, will continue to seriously harm Plaintiff in a manner that cannot be rectified with a monetary award.

86.     Plaintiff is entitled to a preliminary and permanent injunction against Defendants' continued use of the Infringing Marks in connection with the offer and sale of entertainment services in Georgia, to an accounting of Defendants' earnings and profits, and to a recovery of damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, GLOBAL requests that this Court enter a judgment in favor of GLOBAL and against Defendants as follows:

a.     Declaring that Defendants have infringed GLOBAL's Family of Marks and have engaged in deceptive trade practices and unfair

competition;

b.   Permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them, and any entity owned or controlled in whole or in part by Defendants from:

i.   using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain that is comprised in whole or in part of the term DEJA VU 2, or any term phonetically or otherwise substantially or confusingly similar to GLOBAL's DEJA VU Family of Marks;

ii.   Engaging in any other activity constituting unfair competition with GLOBAL or constituting an infringement of any of Plaintiff's trademarks;

iii.   Diluting or tarnishing any of GLOBAL's trademarks;

iv.   Doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some

way connected with GLOBAL's licensees, or that is likely to injure or damage GLOBAL's name, marks or business; or

v.   Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above; and

c.   Requiring that Defendants:

i.   Reimburse GLOBAL for all damages it has suffered due to Defendants' acts complained of herein;

ii.   Pay to GLOBAL exemplary damages;

iii.   Pay to GLOBAL their profits pursuant to 15 U.S.C. § 1117 (a);

iv.   Provide an accounting to determine the amount of earnings and profits obtained by Defendants from their wrongful infringement of GLOBAL's Registered Marks and from their other wrongful acts;

v.   Deliver to GLOBAL's counsel for destruction all promotional materials, products, advertisements, signs,

brochures, packages, menus, and other printed materials bearing the DEJA VU 2 mark or any other marks confusingly similar to GLOBAL's DEJA VU Family of Marks and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within (10) days of the entry of the order;

vi.     Reimburse GLOBAL, under 15 U.S.C. § 1117, for the costs it has incurred in bringing this action, together with its reasonable attorney fees and disbursements; and

d.      Awarding GLOBAL such other and further relief this Court deems equitable.

Respectfully submitted this 6th day of May, 2015.

/s/ Charles M. Ferguson Jr.
Charles M. Ferguson Jr.
Georgia Bar No. 749679
Paul E. Nystrom III
Georgia Bar No. 544940
ATKINSON FERGUSON, LLC
118 Court Street
Monroe, GA 30655
Telephone: (770) 267-3000
Fax: (770) 267-6200
*Attorneys for Plaintiff*

–27–